**Dana BRAUNSKILL**

v.

**Gary HILTON, Warden and State of New Jersey.**

**Appeal of W. Cary EDWARDS, Attorney General of the State of New Jersey, et al.**

**No. 86–5204.**

United States Court of Appeals, Third Circuit.

July 29, 1987.

Mark H. Friedman, Asst. Deputy Public Defender, Thomas S. Smith, Jr., Acting Public Defender, Jacqueline E. Turner (on motion), Office of the Public Defender, East Orange, N.J., for appellee.

Allan J. Nodes, W. Cary Edwards, Atty. Gen. of N.J., Raymond S. Gurak (on motion), Deputy Atty. Gen., Div. of Criminal Justice, Appellate Section, Trenton, N.J., for appellants.

Before HIGGINBOTHAM, SLOVITER and GARTH, Circuit Judges.

**OPINION OF THE COURT**

GARTH, Circuit Judge:

In 1981, Dana Braunskill was convicted in the Superior Court of New Jersey Law

Division of sexual assault and other charges. His petition for habeas corpus was granted by the United States District Court for the District of New Jersey. That court ordered that the writ issue unless the state retried Braunskill within thirty days. The State moved to stay that order pending appeal. Relying on *Carter v. Rafferty*, 781 F.2d 993 (3d Cir.1986), the State's stay application was denied on May 27, 1986 and Braunskill was released from jail. This Court affirmed the denial of the district court's order and thereafter certiorari was granted by the Supreme Court of the United States.

On May 26, 1987 the Supreme Court vacated the order of release and remanded the case to this court. The Supreme Court held that Braunskill's application for a stay should have been considered in light of "traditional stay factors"; rejected *Carter v. Rafferty;* and accordingly held that the Due Process clause did not prohibit a federal district court from considering the factor of "danger to the community" where a state prisoner who had successfully petitioned for habeas sought release from prison. Having vacated the judgment of this Court which had denied the State's application for a stay, the Supreme Court then remanded the case to this Court for further proceedings.

During the pendency of the proceeding involving the question of whether Braunskill should have been released from state incarceration after the writ issued, the State's appeal from the district court order issuing the writ came before this court. On June 8, 1987, 822 F.2d 52, we vacated the district court's order of February 27, 1986 which had issued the writ of habeas corpus and we remanded the merits proceeding to the district court for that court to hold an evidentiary hearing. The district court was directed to hold such a hearing in order to develop a record, and to decide the issue of whether constitutional harmless error had been committed by the state trial judge's preclusion of the purported alibi witness' testimony from Braunskill's 1981 trial.

As the result of our vacating the district court's order, it became apparent to us that the question of Braunskill's released status would be implicated, since Braunskill had been released from prison at the time the writ had issued. We determined that the district court should decide whether Braunskill should remain at large or return to jail pending completion of the evidentiary hearing which the district court was now to hold. Thus, our determination, and the Supreme Court's action in vacating our order which had denied the State's stay application, coincided in their import. By virtue of the Supreme Court's direction, Braunskill is now subject to incarceration; and by virtue of our June 8, 1987 opinion, Braunskill's status is to be determined by the district court.

Under these circumstances, and pursuant to the mandate of the Supreme Court which has remanded Braunskill's case to us for further proceedings, we in turn will remand to the district court so that the district court may comply with the Supreme Court's direction, as well as with our earlier directive. In this connection, it would appear appropriate that the district court expedite all aspects of this proceeding.

Both Braunskill and the State of New Jersey agree that any Rule 23 proceedings should properly be entertained by the district court, and we assume that such proceedings will be invoked by an appropriate motion under that Rule.[1]

This matter will therefore be remanded to the district court for proceedings consistent with the Supreme Court opinion in *Hilton v. Braunskill,* —— U.S. ——, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987).

---

1. Braunskill's counsel has informed us that on April 30, 1987, Braunskill was arrested on a new charge, and he is and has been incarcerated in the Essex County Jail, New Jersey, since that time.